## CHRISTOPOULOS v. MUTUAL BENEFIT HEALTH & ACCIDENT ASSN.

Insurance—Mutual Health and Accident Association—Hernia—Death.

Under mutual benefit health and accident association's policy providing that for loss caused by or resulting from hernia, illness indemnity only could be collected, defendant association would not be liable for death due to hernia received when insured, a cook, slipped on greasy floor while handling a 30-gallon kettle filled with liquid.

Appeal from Wayne; Smith (Frank Day), J. Submitted June 4, 1941. (Docket No. 6, Calendar No. 41,549.) Decided October 6, 1941. Rehearing denied January 6, 1942.

Assumpsit by Louis Christopoulos against Mutual Benefit Health & Accident Association, a Nebraska corporation, on an insurance policy. Summary judgment for plaintiff. Defendant appeals. Reversed and judgment ordered entered for defendant.

*C. A. Tsangadas,* for plaintiff.

*Clifford M. Toohy,* for defendant.

WIEST, J. Plaintiff, as beneficiary in an insurance policy issued to John A. Skourlas by defendant company, following the death of the insured, brought this suit to have recovery of the insurance.

The insured was a cook, employed by a lunch company, and, while lifting to the top of a stove a 30-gallon kettle filled with liquid, his right foot slipped on the greasy floor, then his left foot slipped, his legs spread apart, and he fell to the floor, and the kettle, with its contents, fell on top of him causing bruises, contusions of the abdominal muscles, and injury to the peritoneum and intestines, and the force of the kettle falling upon him resulted in the development of a bilateral inguinal hernia. This was on December 3, 1938. On January 14, 1939, he was operated on for the hernia and, five days later, died of post-operative paralysis of the large bowel. For 37 days following the accident he continued to work in the course of his employment.

Defendant is a mutual benefit health and accident association and, in May, 1937, insured John A. Skourlas "against loss of life, limb, sight or time, resulting directly and independently of all other causes, from bodily injuries * * * through purely accidental means * * * and against loss of time * * * subject, however, to all the provisions and limitations hereinafter contained."

The policy also provided:

"Any loss caused by or resulting in or from hernia, * * * will be paid for only as provided in parts K and L."

Parts K and L provide illness indemnities only.

Plaintiff's declaration did not count on liability under parts K and L, and his counsel at the hearing stated to the court that plaintiff was "entitled to the death benefit or nothing." The declaration set up the policy of insurance in full, stated the accident as above described and that it resulted in a bilateral inguinal hernia, and operation and death of the insured.

Defendant moved for judgment in its favor under the allegations in the declaration and plaintiff countered by moving for a summary judgment in his favor. The case was so submitted and the court entered judgment for plaintiff, holding the hernia resulted from the accident and, therefore, plaintiff could recover under the policy.

The policy, in express terms, removed from its general coverage for death loss "any loss caused by or resulting in or from hernia," limited indemnity in case of hernia, whether resulting in death or not, to benefits specified. The terms of the insurance contract are not ambiguous and must be applied to the instant case. The provision relative to hernia is all-inclusive upon that subject for it expressly covers "*any loss* caused by or resulting in or from hernia."

The judgment is reversed and the case remanded, with direction to enter judgment for defendant. Defendant will recover costs.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, Starr, and Butzel, JJ., concurred.